# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:06-CR-30043-5** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **EARL M. SCOTT (05)** | **MAG. JUDGE KAREN L. HAYES** |

# MEMORANDUM ORDER

Pending before the Court is Defendant Earl M. Scott's ("Scott") Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [Doc. No. 312]. The Government has filed a response [Doc. No. 316].

On March 16, 2007, Scott pled guilty, pursuant to a written plea agreement, to Count One in the Superseding Indictment charging him with conspiracy to possess with intent to distribute "50 grams or more" of cocaine base. The Pre-Sentence Investigation Report ("PSR") Paragraph 27, provided that Scott was accountable for 41.7 grams of cocaine base (crack), which was attributed to Scott for purposes of the Sentencing Guideline calculations. PSR, Paragraph 32.[1] With a base offense level of 25 and Criminal History Category of VI, the guideline imprisonment range was 110 months to 137 months. PSR, Paragraph 88. However, because the statutory minimum sentence was greater than the low end of the guidelines range, the guideline range became 120 months to 137 months. PSR, Paragraph 87.

On December 3, 2007, Scott was sentenced to serve 120 months imprisonment and five

---

[1] The parties have referred to the PSR, but it is not in the record. Therefore, at the time of filing of this Order, the Court has also filed a copy of the PSR under seal.

years supervised release, the minimums under the statute. [Doc. Nos. 208, 209]. On September 30, 2016, Scott was released from the Bureau of Prisons and his supervision commenced in the Western District of Louisiana.

On January 31, 2019, a Petition for Warrant or Summons was filed alleging that Scott violated multiple conditions of his supervised release. [Doc. Nos. 283, 284]. On October 1, 2019, an Amended Petition for Warrant or Summons was filed alleging additional violations. [Doc. Nos. 301, 302].

On October 23, 2019, Scott filed the pending motion [Doc. No. 312] seeking to have the Court reduce his term of supervised release from five years to four years pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018.

The Fair Sentencing Act of 2010 was enacted August 3, 2010, and amended the portions of 21 U.S.C. § 841 that establish the statutory mandatory minimum penalties for crack cocaine offenses. Pub. L. No. 111–220; 124 Stat. 2372). Relevant to Scott, the Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A)(iii) to increase the quantity of cocaine base required to trigger the respective statutory penalties from 50 grams to 280 grams. *Id.* The maximum penalty for the offense to which Scott pled guilty was changed from life imprisonment to forty years; therefore, the offense changed from being a Class A felony to being a Class B felony. *See* 18 U.S.C. § 3559. The minimum term of supervised release changed from being five years to being four years. The Fair Sentencing Act of 2010 did not make the changes to § 841 retroactive to defendants, like Scott, who had already been sentenced.

The First Step Act of 2018 was enacted December 21, 2018. Pub. L. No. 115-391. Section 404 of the First Step Act of 2018 made the amendments to § 841 in the Fair Sentencing Act of 2010 retroactive to defendants sentenced prior to August 3, 2010. Section 404 independently

2

authorizes a district court to impose a reduced sentence for crack cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act would have applied had that Act been in effect at the time of the original sentencing. It is under Section 404 that Scott is seeking relief.

Scott contends that he is entitled to a reduction of his term of supervised release because the district court originally imposed the mandatory minimum term of supervised release at the time, five years, and under the Fair Sentencing Act of 2010, the revised minimum term of supervision is four years. Accordingly, Scott requests that the Court enter an amended judgment reducing his term of supervision from five years to four years.

On November 18, 2019, the Government filed a response in which it acknowledges that the Court has the discretion under the Fair Sentencing Act of 2010 and the First Step Act of 2018 to decrease Scott's term of supervised release from five to four years. However, the Government argues that the previous term of five years of supervised release is within the applicable range under the Fair Sentencing Act of 2010, and the Court should exercise its discretion and decline to reduce Scott's term of supervised release.

After reviewing all of the pertinent facts in this case and considering all of the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a supervised release period of four years, applicable to Scott's Class B offense, is sufficient to achieve the goals of sentencing for Scott. Accordingly,

**IT IS ORDERED** that Scott's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [Doc. No. 312] is **GRANTED** and this Court will enter an amended judgment accordingly.

Monroe, Louisiana, this 11th day of December, 2019.

                                                     **TERRY A. DOUGHTY**
                                                     **UNITED STATES DISTRICT JUDGE**