UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO: 3:06-30043-05** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **EARL M. SCOTT** | **MAG. JUDGE KAREN L. HAYES** |

MEMORANDUM RULING

Pending before the Court are two motions by Earl M. Scott ("Scott"). First, Scott filed a Motion under § 404 of the First Step Act of 2018, seeking a reduction of his revocation sentence based on his predicate cocaine-based offense [Doc. No. 341]. Scott's second motion is a Motion for Compassionate Release or Alternatively to Home Confinement [Doc. No. 343]. To the two motions, the USA has filed its Response [Doc. No. 348]. For the reasons set forth herein, both motions are DENIED.

I. BACKGROUND

On March 16, 2007, Scott plead guilty to conspiring to possess within intent to distribute, cocaine base [Doc. No. 209]. Scott was personally responsible for at least 41.7 grams of cocaine base [Doc. No. 320]. Scott was originally sentenced to a 120-month sentence of imprisonment and placed on supervised release for 5 years [Doc. Nos. 209].

Scott's supervised release commenced in September, 2016. In January, 2019, the United States Probation Office petitioned the Government to revoke Scott's supervised release [Doc. No. 283]. The petition alleged that Scott had violated numerous conditions of supervised release including committing another crime, leaving the district without permission, changing his employment without notification, associating with felons, and being questioned by law

enforcement and not notifying his probation officer. An amended petition added further violations including additional criminal conduct in the form of new drug charges brought by the State of Louisiana, illegal possession of control substances, and illegal possession and distribution of controlled substances [Doc. No. 302]. In October, 2019, Scott filed a motion to reduce his sentence under § 404 of the First Step Act [Doc. No. 312]. In particular, Scott asked the Court to reduce his term of supervised release from 5 to 4 years. On December 11, 2019, [Doc. No. 318], the Court granted Scott's motion reducing his term of supervised release from 5 to 4 years and specifically finding that Scott's new sentence reflected a reduction of his offense from a Class A to a Class B penalty.

The next day, on December 12, 2019, the Court held Scott's final revocation hearing [Doc. No. 321]. The USA presented testimony that Scott had engaged in new criminal conduct by selling marijuana to a confidential source, resisting an officer during a booking by providing a false name and date of birth, obtaining numerous speeding tickets and establishing that Scott had been stopped and questioned by Drug Enforcement Agency ("DEA"), agents operating in the Dallas/Fort Worth Airport while attempting to board a flight for Los Angeles, California. Scott did not have permission to be outside the district.

After the hearing, the Court found that Scott committed 5 Class C violations, specifically obtaining the 5 speeding tickets, leaving the district without permission, obtaining a new job without proper notification to the USP, associating with felons and failing to report his interaction with law enforcement. As result of these violations, the Court revoked his previously imposed term of supervised release and sentenced him to 28 months [Doc. No. 338].

## II.     FIRST STEP ACT

On September 21, 2020, Scott filed the present motion requesting further relief under §

404 First Step Act [Doc. No. 341]. In the motion, Scott recognized that the Court had previously reduced his term of supervised release pursuant to his prior First Step Act Motion from 5 to 4 years, but asked the Court to reconsider granting him another reduction, this time to r reduce his revocation sentence. The USA concedes that Scott was originally convicted of a covered offense under the First Step Act based on the 41.7 grams of cocaine attributed to him at sentencing.

The USA also concedes that although Scott has served his original term of imprisonment and is now serving a term of imprisonment on revocation, it is not itself an impediment to the relief. *Johnson v. United States* 529 U.S. 694 (2000). However, the USA maintains that what is an impediment to Scott obtaining relief under the First Step Act is the fact that he already filed a motion under § 404 of the First Step Act and received a reduction in his term of supervised release. This Court agrees. The Court granted Scott's prior motion before imposing a revocation sentence and before having the revocation hearing, which reduced Scott's term of supervised release from 5 to 4 years [Doc. No. 319]. Section 2 of the Fair Sentencing Act of 2010 First Step Act of 2018 § 404(c) indicates that no person shall entertain a motion to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by Section 2 of the Fair Sentencing Act of 2010. Therefore, Scott no longer has a remedy under the First Step Act.

Additionally, even in the event that Scott would qualify to have the motion heard on the merits, this Court would deny relief. Nothing has changed that would warrant a further reduction since the prior reduction. Scott's history of supervised release violations and his prior criminal history shows that he does not deserve any further reduction. Therefore, the motion by Scott to reduce his sentence pursuant to the First Step Act is DENIED.

**III.     Exhaustion of Administrative Remedies**

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), (as applies here); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). The defendant bears the burden of showing he is entitled to compassionate release. *United States v. Stowe,* 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

A court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with guideline policy statements. Under the statute as amended by the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The defendant bears  the burden of demonstrating he complied with § 3582(c)(1)(A)'s statutory requirements. *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

In *United States v. Franco*, ___ F.3d ___, 2020 WL 5249369 (5th Cir. Sept. 3, 2020), the Fifth Circuit addressed the nature of § 3582(c)(1)(A)'s exhaustion requirement, an issue of first impression in the circuit. Franco had filed a motion for compassionate release in the district

4

court, citing concerns related to the COVID-19 pandemic. In her motion, she conceded she had failed to comply with the statute's exhaustion requirement, requesting she be "excused due to exigent circumstances." The district court denied the motion without prejudice, noting that Franco could refile once she had satisfied the statutory command. *Franco*, 2020 WL 5249369, at *1.

On appeal of that ruling, the Fifth Circuit affirmed. It rejected any suggestion the requirement was jurisdictional, noting the absence of a reference to jurisdiction in the statutory text. *Id.* at *2. Instead, aligning itself with the rulings of three other circuits, it held the requirement was a "paradigmatic mandatory claim-processing rule" that must be enforced if the United States properly raises it in the district court. *Id.* Accordingly, those, like Scott, "who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP." *Id.* at *3.

BOP conducts an extensive assessment for such requests, and it in the best position to do so. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). As those procedures reflect, BOP completes a diligent and thorough review, applying its considerable expertise concerning both the inmate and the conditions of confinement. BOP is uniquely situated and qualified to assess risk factors during the statutorily required 30-day review period.

On September 29, 2020, Scott filed an administrative request with the Bureau of Prisons ("BOP") for compassionate release under 18 U.S.C. § 3585(c)(1)(A). The thirty-day mandatory period provided for the BOP to address the request has not yet run. Scott filed the present motion on October 2, 2020, before the 30 days mandated had run. Therefore, Scott has not

exhausted his administrative remedies.

Accordingly, consistent with the First Step Act, the defendant must first present his request to the BOP, permitting it to evaluate his current circumstances in light of the coronavirus concerns. He cannot petition for judicial relief until, as the statute provides, the BOP denies the request or 30 days have passed after presentation of the request to the Warden, whichever is earlier. *Franco*, 2020 WL 5249369, at *3. Because he has not yet exhausted administrative remedies, and because the United States has properly invoked the statutory exhaustion requirement, this Court must dismiss his motion.

The requirement that Scott first present his request for compassionate release is mandatory. As Scott has failed to do so, this Motion for Compassionate Release [Doc. No. 343] must be DISMISSED WITHOUT PREJUDICE.

For the reasons set forth herein, the Motion for Relief Under the First Step Act [Doc. No. 341] is DENIED, and, the Motion for Compassionate Release [Doc. No. 343] is DENIED and DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA this 21st day of October, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT